**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CHARLES A. WINSTON                                                                                         PLAINTIFF
ADC #84733

v.                                           NO. 5:10CV00180 JLH-JJV

WENDY L. KELLY, Deputy Director of
Health Services, Arkansas Department
of Correction, *et al*.                                                                                   DEFENDANTS

**<u>ORDER</u>**

The Court has reviewed the Proposed Findings and Partial Recommended Disposition submitted by United States Magistrate Judge Joe J. Volpe and the objections filed by Charles A. Winston. Upon *de novo* review, the Court concludes that the Proposed Findings and Partial Recommended Disposition should be approved and adopted in part as this Court's findings.

Magistrate Judge Volpe recommended that the Court find that Winston's medical classification claim against Wendy Kelly, Jan Alexander, James Blackmon, Robert Rectenwald, Marie Austin, Rory Griffin, Crystal Woods, Larry Norris, and Ella Taylor be dismissed as barred by the statute of limitations. In his objections, Winston contends that his medical classification claims are not barred by the statute of limitations due to the continuing violation doctrine. Magistrate Judge Volpe has not been given the opportunity to address the continuing violation doctrine. The Court has found no Eighth Circuit cases applying the continuing violation doctrine in this context. The Fifth Circuit has said that the definition and application of the continuing violation doctrine is "inconsistent and confusing," *Glass v. Petro-Tex Chemical Corp.*, 757 F.2d 1554, 1560 (5th Cir. 1985), and there are no clear standards, *Berry v. Board of Supervisors*, 715 F.2d 971, 981 (5th Cir. 1983). The Second Circuit has held "that the continuing violation doctrine can apply to Eighth

Amendment claims of medical indifference brought under 42 U.S.C. § 1983 when the plaintiff . . . 'allege[s] both the existence of an ongoing policy of [deliberate indifference to a serious medical need] and some non-time-barred acts taken in furtherance of that policy.'" *Shomo v. City of New York*, 579 F.3d 176, 179-82 (2d Cir. 2009) (citing *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999)).

This action is at its initial stage. Winston has filed his complaint, and the Court is required to screen the complaint pursuant to 28 U.S.C. § 1915A(a), but otherwise no factual record has been developed. Because the Eighth Circuit has not addressed the application of the continuing violation doctrine in this context, because the courts have recognized that the application of that doctrine is not always clear-cut, because no factual record has been developed, and because the magistrate judge did not have the opportunity to address the doctrine, the Court has decided that it would be better to permit the action to go forward on the medical classification claims and address the statute of limitations issues at a later stage, after the defendants have responded to the complaint, and after a fuller record has been developed.[1] Similarly, Winston's claim against Barry Greenlee will be permitted to go forward, and the Court will address the issue of limitations at a later stage in the proceeding on a more fully developed record.

In all other respects, the Court adopts the Proposed Findings and Partial Recommended Disposition of United States Magistrate Judge Volpe.

---

[1] There may be other deficiencies in the complaint as to some of the defendants that have not been addressed by the magistrate judge due to the fact that the magistrate judge recommended dismissing the action based on the statute of limitations. The Court's decision here does not preclude the magistrate judge from engaging in further screening to determine whether, apart from the issue of limitations, the complaint states a claim.

IT IS, THEREFORE, ORDERED that:

1. Winston's medical classification claim against Green is dismissed; and Winston's claim of deliberate indifference to serious medical needs against Green, Kelly, and Norris are dismissed.

2. Service is appropriate for defendants Roland Anderson and James Blackmon.

3. The Clerk of the Court shall prepare a summons for defendants Roland Anderson and James Blackmon.

4. The United States Marshal is directed to serve a copy of the complaint and summons on the defendants without prepayment of fees and costs or security therefore.

5. As to the remaining claims, *i.e.*, the claims that Magistrate Judge Volpe recommended be dismissed because of the statute of limitations, the action is remanded to Magistrate Judge Volpe for further proceedings with respect to those claims. Magistrate Judge Volpe may determine that service is appropriate with respect to those claims, or he may determine that further screening is necessary to determine whether some or all of those claims should be dismissed for failure to state a claim for reasons other than the statute of limitations.

DATED this 8th day of August, 2011.

J. LEON HOLMES  
UNITED STATES DISTRICT JUDGE