**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CHARLES A. WINSTON,                                                                                       PLAINTIFF
ADC #84733

v.                                           No. 5:10CV00180 JLH-JJV

WENDY L. KELLY, Deputy Director of
Health Services, Arkansas Department
of Correction; *et al.*                                                                                    DEFENDANTS

**OPINION AND ORDER**

The Court has reviewed the Proposed Findings and Recommendations submitted by United States Magistrate Judge Joe J. Volpe on May 15, 2012, and the objections subsequently filed by plaintiff Charles Winston. Upon *de novo* review, the Court concludes that the Proposed Findings and Recommendations should be approved with the following additional comments.

Magistrate Judge Volpe recommended that the Court find Winston's deliberate indifference claim against individual defendant Barry Greenlee to be barred by the relevant statute of limitations. Consequently, Judge Volpe recommended that the pending motion to withdraw by Greenlee's attorney and that Winston's pending motion for default judgment against Greenlee be denied as moot. While the Court accepts these recommendations, this Opinion and Order is written to explain why the objections raised by Winston are overruled.

Winston is an inmate in the Varner Unit of the Arkansas Department of Correction, and he brings various claims under 42 U.S.C. § 1983. One of those claims is that Greenlee, a former sergeant in the Cummins Unit of the Department of Correction, was deliberately indifferent to Winston's serious medical needs. Specifically, Winston alleges that, on February 21, 2007, Greenlee left Winston in a holding cell instead of taking him to the infirmary to seek medical attention for his

infected toe. Twenty-nine days after this incident, on March 22, Winston received treatment for this ailment, and his toenail was removed. Six days later, on March 28, Winston filed a formal internal grievance, which lead to his administrative remedies being exhausted on June 8, 2007. Document #2-1, at 82. Winston's *pro se* complaint was filed in this Court on June 21, 2010. In it, Winston states that he placed the complaint in the prison's outgoing mail on June 6, 2010. Document #2, at 24.

In June 2011, Judge Volpe recommended that this Court dismiss Winston's claim against Greenlee because it is barred by the statute of limitations. *See* Document #14. Winston objected, and the Court declined to decide the limitations issue until after Greenlee responded to the complaint, and "at a later stage in the proceeding on a more fully developed record." Document #17, at 2.[1] Greenlee was thereafter served with process, and he filed an answer to Winston's complaint. Documents #60, #64. However, Greenlee subsequently failed to respond to Winston's interrogatory request. Documents #70, #86. Greenlee also failed to remain in contact with his attorney, despite numerous attempts at contact on her part, and she subsequently filed a motion to withdraw. Document #86. These developments and more prompted Judge Volpe to hold a hearing on May 8, 2012. Document #91. During the hearing, evidence and arguments were heard regarding Winston's claim against Greenlee.[2] After the hearing, Judge Volpe made the aforementioned Proposed Findings and Recommendations to the Court.

---

[1] At the time, Winston had filed his complaint, but no answer had been filed by any defendant, and no factual record had been developed.

[2] Notably, Greenlee's attorney informed Judge Volpe during the hearing that Greenlee had been located and was incarcerated in Texas.

In Arkansas, a three-year statute of limitations applies to claims brought under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992); *see also Bell v. Fowler*, 99 F.3d 262, 266 (8th Cir. 1996) ("The Supreme Court has instructed courts to apply the most analogous state statute of limitations to claims made under [§ 1983]."). Before they can bring an action challenging prison conditions under section 1983, prisoners are required to exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); Ark. Code Ann. § 16-106-301 (1997); *Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002) (citing *Booth v. Churner,* 532 U.S. 731, 733-34, 121 S. Ct. 1819, 1821 149 L. Ed. 2d 958 (2001)). Because of this mandatory exhaustion requirement, Arkansas law provides that the section 1983 "statute of limitations is tolled during the period of time the application for the administrative remedies is pending." Ark. Code Ann. § 16-106-301; *see also Montin v. Estate of Johnson*, 636 F.3d 409, 413 (8th Cir. 2011) ("For a § 1983 action . . . the issue of equitable tolling, like the underlying statute of limitations, is determined by reference to state law.").

While state law governs the period of limitations and the tolling rules that apply, federal law governs when a cause of action under section 1983 accrues. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 1095, 166 L. Ed. 2d 973 (2007). Under federal law, a cause of action accrues when a plaintiff has a complete and present cause of action, *i.e.*, when the plaintiff can file suit and obtain relief. *Id.* Thus, a section 1983 claim accrues no later than when the plaintiff knows or has reason to know that he has been harmed. *Shomo v. City of New York*, 579 F.3d 176, 181 (2nd Cir. 2009). Here, Winston's claim against Greenlee accrued either on February 21, 2007, when Greenlee refused to take him to the infirmary, or on March 22, 2007, when Winston received medical treatment and his toenail was removed. Winston contends that his claim against Greenlee accrued on March 22,

3

2007, because the wrong continued until that date. *See* Document #114, at 5-6. The Court will assume, without deciding, that Winston's argument on that point is correct and therefore will accept March 22, 2007, as the date on which Winston's claim against Greenlee accrued.

In his recommendation, Judge Volpe notes that Winston exhausted his administrative remedies on June 8, 2007, and that his complaint was not filed until June 21, 2010, more than three years later. Thus, Judge Volpe concludes, Winston's claim against Greenlee would be untimely even if the three-year statute of limitations was tolled by Winston's pursuit of administrative remedies. Winston objects to this recommended finding on the basis of the prison mailbox rule. Under this rule, which has been adopted by the Eighth Circuit, a civil complaint is deemed filed by a prisoner when the prisoner delivers the complaint to the prison's internal mail system for forwarding to the district court. *See Sulik v. Taney Cnty., Mo.*, 316 F.3d 813, 815 (8th Cir. 2003). In the present case, Winston points out that his own statement in the complaint demonstrates that he delivered the complaint to the prison mail system on June 6, 2010. *See* Document #2, at 24.

Winston is correct that June 6, 2010, not June 21, is the relevant "filing" date for statute of limitations purposes under the prison mailbox rule. Regardless, Winston's claim against Greenlee is still barred. The statute of limitations is tolled only during the time period when a prisoner's application for administrative remedies is pending. Ark. Code Ann. § 16-106-301. Consequently, the statute of limitations runs from the time the cause of action accrues until the prisoner applies for administrative remedies. *See Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999) ("While Harris pursued his administrative remedies from October 24, 1996, to July 14, 1997, the prescriptive period was tolled.").

Winston filed his formal internal grievance on March 28, 2007, which was six days after the date, according to his own argument, when his cause of action accrued. *See* Document #2-1, at 82. Thus, at minimum, six days elapsed from applicable limitations period before tolling under Ark. Code Ann. § 16-106-301 took effect. Therefore, instead of expiring three years after June 8, 2007, the date on which Winston exhausted his administrative remedies, the period of limitations for Winston's claim against Greenlee actually expired three years *minus six days* after June 8, 2007. Accordingly, the period of limitations for Winston's claim against Greenlee expired on June 2, 2010. Winston waited until June 6, 2010, to put his complaint in the prison mailing system, so his claim against Greenlee is barred by the statute of limitations.

One additional objection raised by Winston will be addressed. Winston argues that Judge Volpe violated this Court's previous order by holding a hearing on the statute of limitations issue and making his recommendation too early, before Greenlee could help develop the record. This Court's previous order, released on August 8, 2011, stated that "the Court will address the issue of limitations at a later stage in the proceeding on a more fully developed record." Document #17, at 2. Greenlee subsequently filed an answer in which he raised the statute of limitations as an affirmative defense. Document #64. In addition, more than nine months passed between the Court's order and Judge Volpe's newest Proposed Findings and Recommendations, a period during which nearly 100 additional items were added to the Court's docket. Judge Volpe did not disregard the Court's order. Furthermore, Winston has not only failed to show that any further record development would be necessary to help the Court decide the statute of limitations issue, but he has also admitted the two facts that control the outcome (*i.e.*, the accrual date and the mail placement date). The objection is meritless.

5

For the reasons explained above, Winston's claim against Greenlee is barred by the statute of limitations. To the extent that they do not conflict with the Court's opinion, the Court adopts the Proposed Findings and Recommendations of Magistrate Judge Volpe.

IT IS THEREFORE ORDERED that:

1. Winston's deliberate indifference claim against Greenlee is DISMISSED, and Greenlee is DISMISSED from this action.

2. The motion to withdraw as attorney for Greenlee is DENIED as moot. Document #86.

3. The motion for default judgment against Greenlee is DENIED as moot. Document #96.

IT IS SO ORDERED this 1st day of August, 2012.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE